**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lisa Luberacki,

Plaintiff,

v.

Intermediate District 287,

Defendants.

**STIPULATION AND PROTECTIVE ORDER**

Court File No. 01-1911 RHK/~~JMM~~ AJB

---

WHEREAS, Plaintiff Lisa Luberacki ("Luberacki") and Defendant Intermediate District 287, ("District") in the above-entitled action have, or will, engage in discovery in connection with this lawsuit; and

WHEREAS, said discovery has and may involve the disclosure of medical information and/or medical documents concerning Plaintiff that she believes to be of a confidential, personal or private nature; and

WHEREAS, Luberacki and District wish to enter into a Stipulation pursuant to which the Court may enter a Protective Order pursuant to Fed. R. Civ. P. 26(c) to maintain the confidentiality of such medical records and/or information;

THEREFORE, to effectuate this intent, Luberacki and District, through their undersigned counsel, hereby stipulate and agree that upon execution of this Stipulation, without further proceedings, the Court may enter a Protective Order with the following terms:

JUN 1 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Any medical information and/or medical documents produced or exchanged in the course of this case and designated as confidential shall be subject to the terms of this Stipulation and Protective Order.

2. All medical information and/or documents that are designated confidential that are produced in the course of this case by Plaintiff shall be used solely for the purposes of the prosecution of and defense of this case, and for no other purpose. The Plaintiff may designate such information or materials as "confidential." The Plaintiff shall make such designation:

a. By marking such document and/or information as confidential prior to or at the time any such information or a copy of any such document is provided to the requesting party;

b. In the case of testimony relating to Plaintiff's medical condition, at the time the testimony is given or within 30 days after the transcript of such testimony is available, by marking all copies of the deposition within Plaintiff's possession and control by placing the designation "confidential" upon the pages or lines to be designated and serve notice upon all counsel.

c. In the case of information presented in a pleading by memorandum, at the time when the same is filed.

3. Medical information and/or documents designated as confidential shall not be made available to anyone other than qualified persons as defined in Paragraph 4. In connection with the production of medical records and/or medical information designated

confidential by Plaintiff, such information and material shall be marked conspicuously, marking at least the cover or first page of such material or information that contains, reflects, or discloses the confidential information or material.

4. Unless and until a party obtains a Court order permitting disclosure, all medical information and medical documents, and the contents of those documents designated as confidential under this Stipulation and Protective Order, shall be disclosed only to qualified persons. For such confidential information, qualified persons shall include: 1) the attorneys of record for the parties, their partners and associates, and the employees of their firm, or other persons actually employed or otherwise retained by legal counsel to assist them or provide technical or expert counsel or testimony in connection with this lawsuit; 2) a party to the lawsuit who is an individual; 3) Intermediate School District No. 287 officers, board members and/or managers/supervising employees; 4) Medical care providers and/or experts who have given or are scheduled to give deposition or court testimony in this matter; 5) any insurance representatives of the Defendant; and 6) any designated court personnel:

a. Except as provided below in part (c) of this paragraph 4, inspection and receipt of all documents and information alleged to be confidential shall be limited to qualified persons as defined in this paragraph 4 of this Stipulation and Protective Order. All such documents and information designated confidential under this Stipulation shall be held in confidence by those inspecting or receiving them, shall be used only for purposes of this action,

shall not be used for any personal or business purpose, and shall be disclosed to no one except qualified persons.

b. Any copies of such documents and transcripts of testimony containing confidential information shall be at all times kept in the possession of the qualified persons as defined in paragraph 4 of this Stipulation.

c. There shall be no inspection or receipt of such documents or information by persons other than those identified as qualified persons in this paragraph 4 except by written agreement of counsel for the parties or by order of the Court.

5. No qualified person, other than counsel for the Defendant, their legal staff, paralegals and support staff, shall have access to medical information and/or documents covered by this Stipulation and Protective Order without first having been advised of the existence of this Order by counsel for the Defendant, by sending a copy of this Stipulation and Protective Order to said qualified person, and explaining with an accompanying letter the limitations on the use and disclosure of said information.

6. In the event of disclosure of information or materials designated confidential to a person not authorized to view such material under the terms of this Protective Order, the party responsible for having made such a disclosure or any party with knowledge of such disclosure shall immediately inform counsel for the party whose confidential information has thus been disclosed of all known, relevant information concerning the nature and the circumstances of the disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater

unauthorized disclosure of the information or material is made by anyone and each party will cooperate with the effort.

7. The Defendant may move the Court for an order permitting the disclosure or use of any information or document covered by the Stipulation and Protective Order for any purpose. The Court may enter such order it deems appropriate and a party may thereafter disclose or use such information or documents as a Court order may permit in such manner as the Court order may provide.

8. Nothing herein shall prohibit Plaintiff or Defendants' attorneys from disclosing a document identified as confidential to the person the document identifies as an author or addressee of such document.

9. In the event any person or party having possession, custody or control of any confidential information receives a subpoena or other process or Order to produce such information, such person or parties shall notify by mail the attorneys of record of the Plaintiff of the documents sought by such subpoena or other process or Order; shall furnish those attorneys of record with a copy of said subpoena or other process or Order; and shall cooperate with respect to any procedure sought to be pursued by the Plaintiff. The Plaintiff, at her expense, shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or Order shall be entitled to comply with that except to the extent the Plaintiff is successful in obtaining an order modifying or questioning it.

10. No party shall file with the Court any motion, brief or other paper containing or otherwise exhibiting, excerpting or disclosing any information designated

as confidential hereunder, unless said motion, brief, or other paper is filed in a sealed envelope or other appropriate sealed contained on which shall be endorsed the caption of this action, and the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

11. After the final termination of this action, whether by trial, appeal, settlement or otherwise, the provisions of this Protective Order with respect to the dissemination of confidential information shall continue to be binding. Upon written request following the final termination of this action, attorneys for Defendant shall return all confidential documents and information to the Plaintiff, including all copies.

12. The restrictions set forth in any of the preceding paragraphs shall not apply as to any information:

a. Which at the time of receipt by the recipient is a matter of public or written record; or

b. Which the recipient party, its attorneys, or expert witnesses engaged by its attorneys, can show:

i. As a matter of written record was already known to it or them, or

ii. As a matter of written record was independently developed by the recipient party, its attorneys, or expert witnesses engaged by its attorneys.

13. This Stipulation and Protective Order shall neither foreclose or limit any of the parties from opposing the production of any documents, the taking of any testimony, or the discovery of any information under the Federal Rules of Civil Procedure and

relevant caselaw nor constitute a waiver of objections to the admission of evidence at trial on any basis under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

14. The Court retains jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments, modifications, deletions, clarifications, and additions to this Protective Order as the Court from time to time may deem appropriate.

Dated: June 7, 2002

NICHOLS, KASTER & ANDERSON

John A. Fabian (#13482X)
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919

Attorneys for Plaintiff

Dated: June 6, 2002

RATWIK, ROSZAK & MALONEY, P.A.

Scott T. Anderson (#157405)
300 U.S. Trust Building
730 Second Avenue South
Minneapolis, MN 55402
(612) 339-0060

Attorneys for Defendant

IT IS SO ~~ORDERED~~ 18th

Dated this 18 day of June, 2002

By ______________________

Honorable ~~John M. Mason~~ Arthur J Boylan
United States Magistrate Judge

RRM: #34995/sld

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.