**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

LISA LUBERACKI,

Plaintiff,

v.

INTERMEDIATE SCHOOL DISTRICT 287,

Defendant.

Civil No. 01-1911 RHK/AJB

**ORDER**

---

John A. Fabian and Steven A. Smith, NICHOLS KASTER & ANDERSON, PLLP, Minneapolis, Minnesota, on behalf of Plaintiff.

Scott T. Anderson and Amy E. Mace, RATWIK, ROSZAK & MALONEY, P.A., Minneapolis, Minnesota, on behalf of Defendant.

---

The above-entitled matter is before the Court on Plaintiff's motion to compel discovery. Having heard argument on the matter, and having reviewed the file, affidavits and submissions of the parties, the Court HEREBY ORDERS THAT:

1. Plaintiff's motion is granted in part and denied in part, as set forth in the accompanying memorandum [Docket No. 10].

Dated: July 25, 2002

Arthur J. Boylan
United States Magistrate Judge

JUL 25 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## MEMORANDUM

Plaintiff has brought claims for sexual harassment and reprisal discrimination pursuant to Title VII and the Minnesota Human Rights Act, and for negligent retention and supervision. Through written discovery, Plaintiff has sought information pertaining to her employment, the employment of Mr. Jim Snargrass and Mr. Phillip Crawford (the two co-employees who allegedly harassed Plaintiff), and any investigation or action taken by Defendant as a result of complaints regarding Mr. Snargrass and Mr. Crawford. In its response, Defendant objected to several discovery requests (Request Nos. 1, 2, 5, 6, 7, 9, 10, 11, 12 and Interrogatory No. 14), mainly arguing that the Minnesota Government Data Practices Act (MGDPA) prohibited the disclosure of the sought-after material.

At the hearing on this matter, the Court ordered Defendant to produce responsive documents to the Court for *in camera* review. Defendant has produced 250 pages, which were separated into four exhibits marked A-D.

**Exhibit A**

Exhibit A contains the employment/personnel files for Mr. Snargrass and Mr. Crawford. After reviewing the documents in Exhibit A, it was apparent that said documents should not be treated uniformly. Therefore, the Court numbered the documents (1A, 2A, etc.), so that the Court could easily make reference to particular documents.

After reviewing the documents in Exhibit A, in light of the MGDPA, the Court concludes as follows:

- Documents marked 1A-7A, 18A-39A, 45A-49A, 51A-62A, 66A-68A and 71A-79A are deemed nonpublic under the MGDPA and provide no information relevant to this cause of action. Those documents, therefore, need not be produced.

- Although documents marked 8A-17A, 40A-44A, 50A, 63A-65A, 69A-70A and 80A-82A reflect nonpublic information, they can easily be redacted. The Court has indicated the appropriate redactions on said documents (redlined). Said redactions will suppress data that is both nonpublic and completely irrelevant to this cause of action. To the extent that no redactions appear the Court finds that (1) said documents are discoverable, (2) Plaintiff might gain significant benefit from said documents, (3) potential harm to any confidentiality interest is negligible if said documents are produced subject to a protective order, and (4) there is no need to notify any subjects of the revealed information if said documents are produced subject to a protective order. Defendant is hereby ordered to produce documents marked 8A-17A, 40A-44A, 50A, 63A-65A, 69A-70A and 80A-82A in the form indicated herein, **but only after the Court enters and appropriate protective order, the form of which will be submitted by the parties for the Court's approval by August 5, 2002.**

**Exhibit B**

Exhibit B contains documents responsive to Request No. 2. The Court has reviewed the documents in Exhibit B, in light of the MGDPA, and concludes that said documents reflect nonpublic information. The Court concludes, however, that the documents in Exhibit B could provide relevant information about Plaintiff's work environment. The Court concludes that (1) all documents in Exhibit B are discoverable, (2) Plaintiff might gain significant benefit from said documents, (3) potential harm to any confidentiality interest is negligible if said documents are produced subject to a protective order, and (4) there is no need to notify any subjects of the revealed information if said documents are produced subject to a protective order. Defendant shall produce all documents in Exhibit B, **but only after the Court enters the protective order discussed above.**

Exhibit C contains documents responsive to Request No. 5. After reviewing the documents in Exhibit C, it was apparent that said documents should not be treated uniformly. Therefore, the Court numbered all the documents (1C, 2C, etc.), so that the Court could easily make reference to particular documents.

The Court has reviewed the documents in Exhibit C, in light of the MGDPA, and concludes as follows:

- Documents marked 1C-8C are deemed nonpublic under the MGDPA and provide no information relevant to this cause of action. Those documents, therefore, need not be produced.
- Defendant represents that it has produced document 9C and 35C (same document), without the handwriting on the bottom, and without the accompanying relevant documentation (10C-13C and 36C-44C). The Court agrees that the withheld material is nonpublic. But, the Court concludes that said material could provide a more complete picture of how Defendant handled the incident, which is the underlying subject of the documents. These and other documents ordered released by the provisions of this paragraph provide relevant information about the plaintiff's work environment. The Court concludes that (1) documents 9C-44C are discoverable, (2) Plaintiff might gain significant benefit from said documents, (3) potential harm to any confidentiality interest is negligible if said documents are produced subject to a protective order, and (4) there is no need to notify any subjects of the revealed information if said documents are produced subject to a protective order. Defendant shall produce documents 9C-44C (in non-redacted form), **but only after the Court enters the protective order discussed above.**

- Defendant represents that it has produced documents 46C-51C in redacted form. The Court agrees that these documents contain information that is nonpublic. The Court concludes, however, that these documents, in their original form, could provide a more complete picture of how Defendant handled the incident, which is the underlying subject of the documents. The Court concludes that (1) documents 46C-51C are discoverable, (2) Plaintiff might gain significant benefit from said documents, (3) potential harm to any confidentiality interest is negligible if said documents are produced subject to a protective order, and (4) there is no need to notify any subjects of the revealed information if said documents are produced subject to a protective order. Defendant shall produce documents 46C-51C (in non-redacted form), **but only after the Court enters the protective order discussed above.**
- Defendant represents that it has produced documents 52C and 53C (same document) in redacted form. Defendant contends that the withheld information is protected by the attorney-client privilege and/or the work-product doctrine. The Court agrees that the withheld information was prepared because of the prospect of litigation and/or reflects communication made for the purpose of seeking legal advice.
- Defendant represents that it has produced documents 45C, 54C-63C and 69C-76C in redacted form. The Court agrees that the withheld information is nonpublic, and the Court concludes that the withheld information is irrelevant to this lawsuit. Therefore, there is no need to produce documents 45C, 54C-63C and 69C-76C in non-redacted form.
- The Court agrees that documents 64C-68C reflect nonpublic information, and the Court concludes that said information is irrelevant to this lawsuit. Therefore, there is no need to produce documents 64C-68C.

**Exhibit D**

Exhibit D contains documents relating to all investigations (if any) conducted by Defendant in response to Plaintiff's charge of discrimination, Plaintiff's complaint and/or Plaintiff's complaints about Mr. Crawford and/or Mr. Snargrass' treatment of her. The Court has reviewed the documents in Exhibit D, in light of the MGDPA, and agrees with Defendant that said documents are nonpublic under MINN. STAT. § 13.39. The Court concludes, however, the documents in Exhibit D are relevant to show how Defendant responded to Plaintiff's allegations. The Court concludes that (1) all documents in Exhibit D are discoverable, (2) Plaintiff might gain significant benefit from said documents, and (3) any potential harm to confidentiality interests is negligible if said documents are produced subject to a protective order. The Court concludes, therefore, that the documents in Exhibit D should be produced (pursuant to MINN. STAT. § 13.39, subd. 2a), **but only after the Court enters the protective order discussed above.**

**Interrogatory No. 14**

In Interrogatory No. 14, Plaintiff's asks the District to state if it had knowledge of whether Mr. Snargrass and/or Mr. Crawford had ever been convicted of any criminal offenses. The Court agrees that any criminal records regarding Mr. Crawford and Mr. Snargrass that were collected because of their employment with Defendant is nonpublic data under the MGDPA. The Court further concludes that this information is relevant to the issues in this case. Therefore, Defendant must answer Interrogatory No. 14.

AJB