**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lisa Luberacki,

Plaintiff,

v.

Intermediate School District 287,

Defendants.

**STIPULATION AND PROTECTIVE ORDER**

Court File No. 01-1911 RHK/AJB

---

STIPULATION

Plaintiff Lisa Luberacki and Intermediate School District 287, by and through their counsel, hereby agree and stipulate as follows:

1. Luberacki requested certain documents under Rule 34 of the Federal Rules of Civil Procedure to which Defendant raised objections.

2. After a hearing on July 9, 2002, United States Magistrate Judge Arthur Boylan ordered that Intermediate School District 287 produce these documents under a protective order following an *in camera* review.

3. Intermediate School District 287 will produce copies of these documents no later than the close of business on August 8, 2002, under the terms and conditions as specified below:

a. The documents to be produced in response to this Order shall be considered "Confidential Materials" under the terms of this Order, and this Order shall govern the examination and use of such documents.

b. Confidential Materials shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d below. It is expressly understood that the plaintiff

AUG 0 6 2002
FILED______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If counsel wish to use or inquire about Confidential Materials at any deposition, the portion of the deposition transcript that relates to the Confidential Materials may be designated" Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

   i. The Court;

   ii. Counsel to the parties to the action and the paralegal, clerical and secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

   iii. Court reporters employed in connection with any deposition in the action;

   iv. The Parties; and

   v. Any other person that the parties agree to in writing.

e. Confidential Materials shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph g hereof.

f. If Confidential Materials (including portions of deposition transcripts) are to be included in any papers to be filed in the court, such papers shall be labeled

"Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in this Order shall preclude a party from showing any Confidential Materials to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b of this Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Order.

4. In the event that any Confidential Material is used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

5. Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony, or other evidence at trial.

6. The Confidential Materials produced in response to this Order shall not be given, conveyed or otherwise transmitted to any member of the broadcast or print media. The parties shall not disclose any of the information contained in the Confidential Materials to any member of the broadcast or print media or their agents.

7. If a party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, the party, upon receipt of the subpoena or other process, shall notify counsel for Intermediate School District 287 and all other parties before producing such Confidential Materials.

8. Upon termination of this litigation, counsel shall return all Confidential Materials and copies thereof to counsel for Intermediate School District 287 upon request, after notification of said termination.

9. The designation of any document, or information or thing as confidential under this Order is for purposes of this protective order only and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this Order.

Dated: August 5, 2002

RATWIK, ROSZAK & MALONEY, P.A.

By: Scott T. Anderson

Scott T. Anderson (#157405)
Amy E. Mace (0259378)
730 Second Avenue South, Suite 300
Minneapolis, MN 55402
(612) 339-0060

ATTORNEYS FOR INTERMEDIATE SCHOOL DISTRICT

Dated: August 5, 2002

NICHOLS, KASTER & ANDERSON, PLLP

By: ______________________

John A. Fabian (#13482X)
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919

ATTORNEYS FOR LISA LUBERACKI

**IT IS SO ORDERED.**

Dated this 6th day of August, 2002.

By ______________________

Honorable Arthur J. Boylan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.